UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

V. LYNN OTERO,

    Debtor.                                                                          Case No. 7-98-14677-R

V. LYNN OTERO,

    Plaintiff,

v.                                                                                  Adv. No. 12-1309-T

GREEN TREE SERVICING, LLC,

    Defendant.

## MEMORANDUM OPINION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on the defendant's motion for summary judgment, doc. 15 (the "Motion") and supporting memorandum, doc. 16 (the "Memorandum"). For the reasons set forth below, the Court will grant the Motion with respect to Plaintiff's claims for alleged violation of the automatic stay and alleged violation of the Fair Debt Collection Practices Act, and deny the motion with respect to the alleged violations of the discharge injunction.

I.     FACTS

The Court finds that the following facts are not in material dispute:

1.     Plaintiff resides in New Mexico and is the debtor in the above-captioned, discharged Chapter 7 bankruptcy case.

2.     Defendant is a foreign corporation transacting business in New Mexico.

3. Plaintiff filed the above-captioned bankruptcy case on July 29, 1998.

4. An order discharging Plaintiff was entered November 4, 1998.

5. Plaintiff's bankruptcy case was closed November 4, 1998.

6. Post-discharge, Defendant first contacted Plaintiff in writing in 2005.

7. Post-discharge, Defendant first contacted Plaintiff telephonically in 2002.

8. Defendant sent Plaintiff 19 letters between 2005 and 2012.

9. Plaintiff claims she received the following number of telephone calls from Defendant in the following years:

| Year | Number of Telephone calls |
|---|---|
| 2002 | 8 |
| 2003 | Unknown |
| 2004 | Unknown |
| 2005 | 0 |
| 2006 | Unknown |
| 2007 | Unknown |
| 2008 | unknown |
| 2009 | 0 |
| 2010 | 7 |
| 2011 | 4 |
| 2012 | 49 |

II. SUMMARY JUDGMENT STANDARDS

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56.[1] "[A] party seeking summary judgment

---

[1] Fed.R.Civ.P. 56 applies in adversary proceedings. *See* Bankruptcy Rule 7056.

-2-

Case 12-01309-t    Doc 22    Filed 08/06/13    Entered 08/06/13 09:41:27 Page 2 of 6

always bears the initial responsibility of informing the district court of the basis for its motion, and … [must] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  In determining whether summary judgment should be granted, the Court will view the record in the light most favorable to the party opposing summary judgment.  *Harris v. Beneficial Oklahoma, Inc. (In re Harris)*, 209 B.R. 990, 995 (10th Cir. BAP 1997).

The party opposing a motion for summary judgment must "set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.,* 912 F.2d 1238, 1241 (10th Cir.1990).  *See also Vitkus v. Beatrice Co.,* 11 F.3d 1535, 1539 (10th Cir.1993) ("[T]he nonmoving party may not rest on its pleadings but must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof"); *Otteson v. United States,* 622 F.2d 516, 519 (10th Cir.1980) (once a properly supported summary judgment motion is made, the opposing party must respond with specific facts showing the existence of a genuine factual issue to be tried); *Lazaron v. Lucas (In re Lucas)*, 386 B.R. 332, 335 (Bankr. D.N.M. 2008) (same).

To deny a motion for summary judgment, genuine factual issues must exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986).  A mere "scintilla" of evidence will not avoid summary judgment. *Vitkus,* 11 F.3d at 1539.  Rather, there must be sufficient evidence on which the fact finder could reasonably find for the nonmoving party.  *See Anderson,* 477 U.S. at 251; *Vitkus,* 11 F.3d at 1539.

"[T]here is no evidence for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Anderson,* 477 U.S. at 249. Where a rational trier of fact, considering the record as a whole, could not find for the non-moving party, there is no genuine issue for trial. *See Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

### III. DISCUSSION

A. <u>Claim for Violation of 11 U.S.C. § 362</u>. Plaintiff's complaint, filed November 7, 2012 (the "Complaint") includes allegations that Defendant violated 11 U.S.C. § 362, including an allegation that Defendant's actions were willful, intentional and malicious within the meaning of 11 U.S.C. § 362(k). As Defendant points out, however, the automatic stay did not survive entry of Plaintiff's discharge and case closing on November 4, 1998. *See* 11 U.S.C. § 362(c). All of the actions complained of occurred after the case was closed. Plaintiff conceded as much in her response to the Motion, filed July 1, 2013, doc. 17 (the "Response"), p. 3. Since no automatic stay was in effect when the allegedly wrongful actions took place, there could have been no violations of the stay. The Court therefore will enter judgment in Defendant's favor on the § 362 claim.

B. <u>Claim for Violation of the Fair Debt Collection Practices Act</u>. The Complaint also asserts a claim that Defendant's post-discharge actions violated the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692b et seq (the "FDCPA"). Again, all of the actions complained of took place years after the discharge was entered in

-4-

Case 12-01309-t    Doc 22    Filed 08/06/13    Entered 08/06/13 09:41:27 Page 4 of 6... 


"[T]here is no evidence for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Anderson,* 477 U.S. at 249. Where a rational trier of fact, considering the record as a whole, could not find for the non-moving party, there is no genuine issue for trial. *See Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

### III. DISCUSSION

A. <u>Claim for Violation of 11 U.S.C. § 362</u>. Plaintiff's complaint, filed November 7, 2012 (the "Complaint") includes allegations that Defendant violated 11 U.S.C. § 362, including an allegation that Defendant's actions were willful, intentional and malicious within the meaning of 11 U.S.C. § 362(k). As Defendant points out, however, the automatic stay did not survive entry of Plaintiff's discharge and case closing on November 4, 1998. *See* 11 U.S.C. § 362(c). All of the actions complained of occurred after the case was closed. Plaintiff conceded as much in her response to the Motion, filed July 1, 2013, doc. 17 (the "Response"), p. 3. Since no automatic stay was in effect when the allegedly wrongful actions took place, there could have been no violations of the stay. The Court therefore will enter judgment in Defendant's favor on the § 362 claim.

B. <u>Claim for Violation of the Fair Debt Collection Practices Act</u>. The Complaint also asserts a claim that Defendant's post-discharge actions violated the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692b et seq (the "FDCPA"). Again, all of the actions complained of took place years after the discharge was entered in

this case. Defendant asks that the claim be dismissed for lack of subject matter jurisdiction. Memorandum, pp. 3-4. The Court agrees.

The same issue was recently addressed by Judge Jacobvitz in *Atwood v. GE Money Bank, et al. (In re Atwood),* 452 B.R. 249 (Bankr. D.N.M. 2011). Judge Jacobvitz reviewed the case law on the issue and concluded that (i) a FDCPA claim based on post-discharge conduct is not "core;" (2) the only possible source of jurisdiction is non-core "related-to" jurisdiction; (3) to determine whether there is "related-to" jurisdiction, the test is "whether the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Atwood*, 452 B.R. 255-56. Since the FDCPA claim in *Atwood* was based entirely on alleged post-discharge activity, the debtor, rather than her bankruptcy estate, would retain any recovery, and the outcome would have no effect on the bankruptcy estate. Judge Jacobvitz therefore concluded that he lacked jurisdiction to hear the claim. The *Atwood* decision cites and analyzes the case law on the issue.

Since *Atwood* was decided in April, 2011, the case law has continued to strengthen on the side of holding that bankruptcy courts do not have jurisdiction to hear FDCPA claims brought by debtors for post-discharge conduct. *See e.g., In re Garcia,* 2013 WL 414177 (Bankr. W.D. Tex. 2013) and *In re Wilkinson,* 2012 WL 112945, at *11 (Bankr W.D. Tex. 2012).

The facts in this adversary proceeding related to jurisdiction are identical to those in *Atwood*. The Court adopts the *Atwood* view that Plaintiff's FDCPA claim against Defendant, based entirely on conduct that took place years after her case was closed and

-5-

her discharge entered, cannot be brought in bankruptcy court because of a lack of subject matter jurisdiction.

      C.    <u>Claim for Violation of the Discharge Injunction</u>.  Finally, Plaintiff has asserted a claim against Defendant for alleged violation of the discharge injunction.  In its Motion, Defendant argues that the undisputed facts show that Defendant's actions, taken over about ten years, did not violate the discharge injunction.  Plaintiff's response, which attaches pages from her deposition transcript, contains instances that might be construed as efforts to collect discharged debt, including 49 phone calls in 2012.  The Court finds that there are genuine issues of material fact whether Defendant violated the discharge injunction, so it will deny the Motion with respect to that claim.

## IV.    CONCLUSION

The Court will grant Defendant's Motion on Plaintiff's claims of alleged violations of § 362 and the FDCPA, and deny the Motion on Plaintiff's claim of alleged violation of the discharge injunction.  A separate judgment will be entered.

_____
Hon. David T. Thuma
United States Bankruptcy Judge

Date entered on docket: August 6, 2013.

Copies to:

| | |
|---|---|
| Michael K. Daniels<br>P.O. Box 1640<br>Albuquerque, NM 87103 | Christopher A. Holland<br>P.O. Box 1945<br>Albuquerque, NM 87103 |